# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-6191 PA (SKx) | Date | July 22, 2019 |
| Title | Hartford Casualty Insurance Company v. Liberty Mutual Insurance Company | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Liberty Mutual Insurance Company ("Defendant") on July 18, 2019. (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Hartford Casualty Insurance Company ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

The Notice of Removal alleges that complete diversity of citizenship exists because "Plaintiff is a corporation organized under the laws of [the] State of Indiana" and Defendant "is a corporation organized under the laws of the State of Massachusetts" with its principal place of business in Boston, Massachusetts. (Notice of Removal ¶¶ 14–15.) As to Plaintiff's citizenship, Defendant does not allege the location of Plaintiff's principal place of business, nor does Plaintiff's Complaint include any allegations regarding its principal place of business. Defendant's allegations about Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6191 PA (SKx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Liberty Mutual Insurance Company | | |

citizenship thus are insufficient to invoke this Court's diversity jurisdiction.[1] "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001); <u>see also</u> <u>Bradford v. Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

   For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 19STCP02347, for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

   IT IS SO ORDERED.

---

[1]  Defendant filed a Request for Judicial Notice of Plaintiff's business information on file with the Indiana Secretary of State, which includes Plaintiff's principal office address, but even Plaintiff's principal office address is not necessarily its principal place of business. <u>See</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, <u>i.e.</u>, the 'nerve center' . . . .").